ALLAN v. RASMUSSEN, City Recorder.

No. 6409. Decided October 2, 1941. (117 P. 2d 287.)

Rehearing Denied October 17, 1941.

See 43 C. J. Municipal Corporations, sec. 950; 37 Am. Jur. 849.

*Irvine, Skeen & Thurman,* of Salt Lake City, for plaintiff.

*Glen E. Howe,* of Murray, for defendant.

McDONOUGH, Justice.

This is an original action by which the plaintiff seeks a peremptory writ of mandate to compel the defendant as Recorder of Murray City to acknowledge the filing of a petition for referendum and to perform the duties enjoined upon him by law so as to submit by referendum a designated ordinance to the voters of Murray City.

On June 18, 1941, the Board of Commissioners of Murray City adopted the ordinance, designated Ordinance No. 12, creating the officer of City Co-ordinator. Pursuant to an application for petition copies made by the requisite number of "sponsors," among them the plaintiff, for the purpose of initiating proceedings to refer such ordinance, the defendant certified and issued the petition "sections" called

for. Subsequently on either the 17th or 18th day of July, 1941—the latter date being the last day upon which it could be filed under the law—petition for referendum with the circulation sheets was deposited with or presented for filing to the City Recorder.

That the requisite number of signatures were at the time of presentation affixed to the petition is not questioned by defendant. Nor does he question that the petition was in all respects—except one—sufficient to impose upon him the duty of filing same and proceeding pursuant thereto to perform the duties imposed upon him by law to refer such ordinance.

The respect in which defendant contends that the petition was incomplete, and because of which defect defendant refused to proceed to perform the duties enjoined by the filing of a sufficient petition, was and is that on the date upon which it was presented for filing the names appearing thereon as signers had not been checked by the county clerk of Salt Lake County against the official registration lists of such county to ascertain whether the signers were duly registered voters of Murray City; and such clerk had consequently not indicated on said petition the result of such check.

That such step had not been taken, at the date of presentation for filing, is admitted by plaintiff. However, the petition was, subsequent to the expiration of the last day upon which the petition could be filed, checked by the county clerk, and the result of said check indicated thereon. Nevertheless, the defendant, for the reason stated, refused to file said petition or to regard it as filed and refused to indorse thereon whether it was or was not sufficient or to otherwise proceed in response thereto.

The question, then, presented for determination is: Under the laws of this state is a petition for referendum of a city ordinance legally sufficient to require reference, which, when presented to the filing officer, has not been checked by the county clerk against the registration list as provided by statute?

The Constitution of the State of Utah, Article VI, Sec. 1, after providing for initiation and reference of state legislation further, provides as follows:

"The legal voters or such fractional part thereof as may be provided by law, of any legal subdivision of the State, under such conditions and in such manner and within such time as may be provided by law, may initiate any desired legislation and cause the same to be submitted to a vote of the people of said legal subdivision for approval or rejection, or may require any law or ordinance passed by the law making body of said legal subdivision to be submitted to the voters thereof before such law or ordinance shall take effect."

Pursuant to such constitutional provision, statutes were enacted providing the procedure to be followed in referring an act of the legislature or an ordinance of a city or town. The provisions of such statutes pertinent to the question before us follow:

Section 25-10-23, R. S. U. 1933, provides:

"In all cities and towns the manner of exercising the initiative and and referendum powers reserved by the constitution to the people thereof shall be similar to the procedure herein prescribed for the state initiative and referendum, and the duties required of the secretary of state by this chapter as to state legislation shall be performed as to such municipal legislation by the city recorder or town clerk, as the case may be. * * * It is intended to make the procedure in municipal legislation as nearly as practicable the same as the initiative and referendum procedure for measures relating to the people of the state at large."

The provisions relative to procedure in referendum petitions against a legislative act after the sheets of the petition have been signed is contained in two section. Section 25-10-15 provides:

"Each and every sheet of the petition containing signatures shall be verified on the back thereof, as prescribed in the blank verification printed thereon, by the officer in whose presence the sheets were signed. The forms prescribed in this chapter are not mandatory, and, if substantially followed, the petition shall be sufficient, notwithstanding clerical and merely technical errors."

Section 25-10-16, so far as material, reads:

"Each section of the initiative or referendum petition when signed and verified as herein provided shall be delivered to the county clerk of the county in which such section was circulated, and the county clerk shall check the names of the signers against the official registration lists of his county, and indicate thereon whether or not each name is that of a duly registered voter. He shall then transmit all of the sections to the secretary of state, who shall check off from his record, as they are filed, the number of the sections of the petition so filed. After such petition is filed the secretary of state shall forthwith cause the number of verified names appearing on each verified circulation sheet to be counted, and, if the number of names so counted equals or exceeds the number of names required by the provisions of this chapter, he shall mark upon the front of the petition the word 'sufficient'; if the names properly signed and verified do not equal or exceed the number so required, he shall mark on the front thereof the word 'insufficient.' The secretary of state shall forthwith notify any one of the sponsors of his finding. In case his finding is 'insufficient,' the sponsors or any of them may demand in writing a recount of the names appearing on such petition in the presence of the sponsors or any of them. If the petition is found insufficient through lack of signers, the sponsors may, by paying the costs thereof, demand as many additional circulation sheets as they may deem necessary, and the secretary of state shall bind such new sheets to whatever sections of the petition the sponsor or sponsors may designate, and he shall allow the sponsors to withdraw such section or sections for purposes of recirculation, keeping a record of the numbers of all sections so withdrawn."

Section 25-10-24 provides:

"Referendum petitions against any ordinance, franchise or resolution passed by the governing body of a city or town shall be filed with the clerk or recorder within thirty days after the passage of such ordinance, resolution or franchise."

The section comparable to that last quoted and which governs acts of the legislature is Section 25-10-4, which reads:

"Upon the presentation to the secretary of state, within sixty days after the final adjournment of the legislature, of a petition, signed as herein provided by legal voters equal in number to ten per cent of all the votes cast for all candidates for governor at the next preceding general election at which a governor was elected, asking that

any act, or section or part of any act, of the legislature be submitted to the people for their approval or rejection, the secretary of state shall submit such act, or section or part of such act, to the people for their approval or rejection at the next succeeding general election."

It is apparent from the foregoing sections of the statute that if the provision with respect to the checking by the county clerk of the names of the signers in a state-wide referendum must be complied with before there is a petition complete in its substantial elements so as to require the Secretary of State to file it and, if found sufficient as to number of verified names, to proceed to submit the act; then in the case of a municipal referendum such checking by the clerk is likewise a condition prerequisite to a legally sufficient petition.

This is so because while, Section 25-10-23 prescribes that the manner of exercising the referendum powers reserved to the people of cities and towns shall be "similar" to the procedure prescribed for state initiative and referendum, the deviation, if any other than that elsewhere expressed in the statute, which might be suggested by the use of the word "similar," is limited by the other provision of such section wherein is expressed legislative intention to make the procedure in referring a municipal ordinance "as nearly as practicable" the same as that prescribed for reference of an act of the legislature.

We are not able to say that it is clearly not "practicable" to require the prescribed checking of the names on a petition, prior to the filing thereof with the city recorder. True, the thirty days limited by statute within which a sufficient petition could be prepared, circulated and checked before filing, might require much expedition upon the part of the "sponsors" in the case of submission of an ordinance of one of the larger cities; but we cannot say that it is not reasonably practicable to do it.

The question hereinbefore posed may, hence, be restated thus: Is the requirement that the signed and verified sections of the referendum petition be delivered to the county

clerk to be checked against the registration lists a prerequisite to such completion of a petition as to entitle it to be filed; or must tthe filing officer file a petition, where such step has not been taken, if presented in time and the checking by the county clerk be done later —although after the expiration of the time prescribed for filing the petition?

We are of the opinion that the first alternative of the question must be answered in the affirmative: That the checking by the county clerk is an essential element to a petition or a section thereof requisite to require filing by the officer and require him to proceed.

The legislative intent is clear. When the duty devolves upon the filing officer to count the names on a petition, he is directed to count "the number of *verified* names appearing on each *verified* circulation sheet to be counted" (italics added). If "the number of names so counted" is equal to or exceeds the required number, the petition shall be marked "sufficient." Section 25-10-16. Clearly, "verified names" means names verified by the county clerk. The other verification required is that of the notary or other officer in whose presence the petition was signed. Unless a sheet is so verified, the filing officer does not count the names thereon, since it is only names on a verified sheet which are to be counted. And on such sheet only "verified names" —that is, further verified as to qualification by the county clerk—are to be included in the count. It is clear that if a petition be filed within the time prescribed the filing officer shall not wait until the expiration of such time to make his count, as he well might if plaintiff's contention be sustained. For, if the number of signers be found insufficient by such officer, the sponsors may have additional circulation sheets issued in order to recirculate the petition. This recirculation for the purpose of securing additional qualified signers may not be done after the time for filing has expired. See *Simons* v. *Monson*, 95 Utah 552, 83 P. 2d 266.

A reading of the procedural sections of the statutes re-

veals that it would be contrary to the scheme thereof to permit the check by the county clerk to be made subsequent to the time of filing. Such checking and the indication on the petition of the registration status of each signer are as necessary a prerequisite to the performance of the duties of the filing officer as is the verification of the circulation sheets. A total absence of either would, upon inspection by the officer, reveal that there existed no occasion to count the names since no name would be a "verified name" on a "verified circulation sheet."

True, delivery to the filing officer of a petition and the placing of such in the files of his office with date of filing may constitute "filing" for the purpose of officer procedure. It would, of course, be necessary for such officer to inspect the petition to determine whether it was such petition as to require him to proceed to a determination of its formal sufficiency. Finding, however, that it is not such as to enjoin upon him his first duty under the act, he need not perform the act. The filing of a petition sufficient to invoke his action has not been made.

Plaintiff contends that when he delivered the petition to the defendant, he and the other "sponsors" had done everything the law required of them and that the matter of checking by the county clerk should have been performed by the defendant as city recorder. The answer to this contention is twofold: First, the sponsors had not done what was required of them. The petition sections should have been delivered by them to the county clerk. This was not done. Nowhere in the statute dealing with procedure is there any intimation that anyone other than the sponsors should do so. In a state referendum if the procedure detailed by statute were followed the Secretary of State is supposed to receive the sections *from* the county clerk *after* check by the latter; no duty is expressly or by implication imposed on the former to deliver them to the county clerk for checking.

That expedition on the part of the "sponsors" in proceedings to effect submission of an ordinance or legislative act

to vote of the electorate is intended by the legislature is evident throughout the act governing such elections. The reason for such requirements is patent. An ordinance or statuse enacted by the duly chosen representatives of the people of the state or of a municipality is by the filing of a sufficient petition for referendum without effect until approved at the next election. Except acts passed by a vote of two-thirds of the members of each house, no act of the legislature goes into effect until the expiration of 60 days after final adjournment of the legislature. Section 25-10-5, R. S. U. 1933. Hence, it is important for the officials to know upon the date the ordinance or act would otherwise take effect whether its effective date is postponed. Under the construction contended for by plaintiff if the checking by the county clerk were, in the case of petition for reference of a statute, delayed until after the sixty day period upon the expiration of which period the act would be effective in the absence of a pending reference, there would be uncertainty as to what was the law in reference to the subject matter during the period of checking. So, too, as to a city ordinance. See Section 15-6-12, R. S. U. 1933, as to effective dates of ordinances. The time when it is obligatory to have before the filing officer a sufficient petition to require submission has been by the legislature keyed to the effective date of such law, absent such a petition then filed.

In reaching the conclusion that there was before the defendant on the last day upon which a referendum petition could be filed, no petition sufficient in substance to invoke his jurisdiction to proceed, we are not unmindful of the fact that technical construction should not be invoked to hinder, much less defeat, the right of direct legislation by the people. Our views on that matter are clearly set forth in *Halgren* v. *Welling,* 91 Utah 16, 63 P. 2d 550, which we here affirm. But here we are asked to vary the procedure clearly indicated by the legislature in

such a way as to defeat some of its salutary features. This we are not at liberty to do.

The request for a peremptory writ of mandamus is denied, and the temporary writ quashed. Costs to defendant.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.