**Evelyn MUIR, Linda Muir, Deanna Pfeiffer, Sandra Jenkins, Mark Muir, Marlo Jenkins, and Douglas Bailey, Plaintiffs, Appellant, and Cross–Appellee,**

v.

**W.H. BURT EXPLOSIVES, INC., a New Mexico corporation, and Apache Powder Company, a New Jersey corporation, Defendants, Appellees, and Cross–Appellants.**

**Evelyn MUIR, Douglas Bailey, Deanna Pfeiffer, Sandra Jenkins, Mark Muir, Marlo Jenkins, Linda Muir, and Virginia Lowe, Plaintiffs and Appellant,**

v.

**APACHE POWDER COMPANY, a New Jersey corporation, W.H. Burt Explosives, Inc., a New Mexico corporation, and John Does I–X, Defendants and Appellees.**

Nos. 900100, 900206.

Supreme Court of Utah.

April 23, 1993.

Rehearing Denied May 11, 1993.

Robert H. Copier, Salt Lake City, for Muir.

Roger P. Christensen, Karra J. Porter, Salt Lake City, for W.H. Burt Explosives.

H. James Clegg, Shawn Draney, Salt Lake City, for Apache Powder Co.

ZIMMERMAN, Justice:

This is a consolidated appeal of two wrongful death actions filed by Evelyn Muir. The trial court dismissed the first

case without prejudice because it found that Muir had failed to issue the necessary summonses within three months of filing her complaint, as required by Utah Rule of Civil Procedure 4(b). Utah R.Civ.P. 4(b) (1988) (amended 1990).[1] The trial court dismissed the second case, which Muir brought under Utah's saving statute, Utah Code Ann. § 78–12–40, because it found that the first case had not been "commenced" within the meaning of that statute. We hold that the trial court erred in dismissing both cases.

The material facts are undisputed. Muir's husband was killed in a mine explosion on September 5, 1986. She filed her first wrongful death action on September 1, 1988. On October 19, 1988, her attorney of record signed summonses directed to W.H. Burt Explosives, Inc. ("Burt"), and Apache Powder Company ("Apache") and gave the summonses, together with copies of the complaint, to a person qualified to serve process. Muir's counsel told the process server that he should "hold off" serving the papers because Muir was in the process of retaining a new attorney. In July of 1989, Muir's new counsel contacted the process server and arranged for service. Burt and Apache were served later that same month.

Defendants Burt and Apache moved to dismiss on the ground that the summonses had not been "issued" within three months of the filing of her complaint, as required by rule 4(b) of the Utah Rules of Civil Procedure. Defendants contended that even though Muir's counsel gave the summonses to a process server within three months, he told the process server to delay service and therefore did not intend the summonses to issue. The district court agreed and dismissed the case without prejudice.

Muir filed a second complaint[2] on November 27, 1989, prior to the expiration of the one-year period of limitation set forth in the saving statute. Utah Code Ann. § 78–12–40. Defendants again sought dismissal, this time on the ground that Muir could not rely on the saving statute because the summonses in the first case had not been properly issued and therefore the first case was never "commenced," as required by that statute. The district court again agreed with defendants and dismissed the second complaint with prejudice. Muir now appeals both dismissals.

We address two issues. First, did Muir "issue" the necessary summonses "within three months from the date of" the filing of her first complaint, as required by the 1988 version of Utah Rule of Civil Procedure 4? Second, was Muir's first case "commenced" when she filed her first complaint, thus satisfying section 78–12–40 and allowing her to file her second complaint? We examine each of these questions in turn.

■ The first issue is resolved by the plain language of rule 4 as it existed in 1988:

(a) Issuance of summons. The summons may be signed and issued by the plaintiff or his [or her] attorney. *A summons shall be deemed to have issued when placed in the hands of a qualified person for the purpose of service.* Separate summonses may be issued and served.

(b) Time of issuance and service. *If an action is commenced by the filing of a complaint, summons must issue thereon within three months from the date of such filing. The summons must be served within one year after the filing of the complaint or the action will be deemed dismissed,* provided that in any action brought against two or more defendants in which personal service has been obtained upon one of them

---

1. Rule 4 of the Utah Rules of Civil Procedure was amended effective April 1, 1990. The amendment deleted the requirements that a summons be issued within three months and served within one year after the complaint is filed. The current rule requires only that the summons be served no later than 120 days after

the complaint is filed, unless the court, for good cause, grants an extension. We address rule 4 only as it existed in 1988.

2. Muir's second complaint generally paralleled the first but added Virginia Lowe as a co-plaintiff and John Does I–X as co-defendants.

within the year, the other or others may be served or appear at any time before trial.

Utah R.Civ.P. 4(a), (b) (1988) (amended 1990) (emphasis added). Under the rule's terms, in an action commenced by the filing of a complaint, issuance of the summons occurs when it is placed in the hands of a qualified process server for the purpose of service within three months of that filing. This occurred here. Nothing more is required for issuance.

Apache and Burt argue that process had not properly issued because Muir did not give the papers to the server "for the purpose of service" inasmuch as the server had been told to "hold off" service until further notice. We find nothing in the rule suggesting that compliance with the rule turns on the subjective intent of the individual who gives the summons to the qualified process server or that delay by the process server somehow vitiates the issuance of the process. Rule 4 requires only that the summons be given to a qualified process server for service and that the process be served within the time allowed under the rule. Rule 4(b) clearly allows the issuing party to give a summons to a process server for service at a later time, which occurred in the instant case.

We now turn to the issue of whether Muir's first case was commenced as required by the saving statute. Our decision hinges upon the correct interpretation of the word "commenced" in the statute. The saving statute states:

> If any action is *commenced* within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff, or if he [or she] dies and the cause of action survives, his [or her] representatives, may commence a new action within one year after the reversal or failure.

Utah Code Ann. § 78–12–40 (emphasis added).

The word "commenced" is defined in Utah Rule of Civil Procedure 3(a), which states, "A civil action is commenced (1) by filing a complaint with the court, or (2) by the service of a summons." Utah R.Civ.P. 3(a) (1988) (amended 1990). Because Muir had filed a complaint with the court, she commenced her action and therefore may take advantage of the saving statute. Whether a summons was subsequently issued within due time is irrelevant for purposes of the saving statute.

In sum, Muir properly issued the necessary summonses in the first case, and they were properly served within the one-year period required by rule 4(b). Furthermore, Muir's filing a complaint in the first case properly commenced that action, which in turn preserved her right to file her second case under the saving statute.

We have reviewed defendants' other arguments and find them to be without merit. Therefore, we hold that the district court erred in dismissing both of Muir's actions.

Reversed and remanded for further proceedings.

HALL, C.J., HOWE, A.C.J., STEWART and DURHAM, JJ., concur.