Clark BIGLER and Utah Taxpayers
Association, Plaintiffs and
Appellants,

v.

Glen K. VERNON, Payson City Admin-
istrator, and Payson City Corpora-
tion, Defendants and Appellees.

No. 920003.

Supreme Court of Utah.

Sept. 2, 1993.

Mark K. Buchi, David J. Crapo, Salt Lake
City, for plaintiffs and appellants.

Craig Carlile, Dale M. Okerlund, Provo,
and Bruce L. Olson, Salt Lake City, for
defendants and appellees.

Roger F. Cutler, Bruce R. Baird, Salt
Lake City, for amicus curiae Salt Lake City
Corp.

Bill Thomas Peters, Gregory L. Probst,
Salt Lake City, for amicus curiae Utah
Ass'n of Counties.

ZIMMERMAN, Justice:

Plaintiffs Clark Bigler and Utah Taxpay-
ers Association appeal from a summary
judgment in favor of defendants Glen K.
Vernon and Payson City Corporation. The
trial court denied plaintiffs' request for
declaratory judgment, injunctive relief, and
attorney fees because plaintiffs failed to

act within the thirty-day period as required by section 20–11–24(1) of the Code. Plaintiffs now argue, inter alia, that the trial court erred and that their claims are not time-barred by the Utah Constitution and statutes governing direct legislation. *See* Utah Const. art. VI, § 1(2); Utah Code Ann. §§ 20–11–1 to –25. We conclude that the trial court did not err, and we affirm.

The facts are not in dispute. On March 7, 1990, the Payson City Council passed city ordinance 02–21–90A. The ordinance authorized the collection of a tax on the sale and use of the services of telephone, gas, and electric utilities doing business in Payson. On March 26, 1990, plaintiffs and others filed an application for copies of a referendum petition form as the first step in the process of requesting that the ordinance be referred to the Payson City voters for their approval or rejection. *See* Utah Code Ann. §§ 20–11–10, –11. On April 2, 1990, after receiving the application, defendants notified plaintiffs that they would not take any action on the application. Defendants' denial of plaintiffs'· application was premised on defendants' analysis of section 20–11–21(2)(b), governing the referral of local ordinances. Defendants explained that this section seemed to prohibit the referral of an ordinance directed to budget or tax levies. Plaintiffs did not respond to this notification or take any other action until they commenced the instant case.

On October 17, 1990, plaintiffs filed a complaint in the fourth district court. They requested a declaratory judgment that section 20–11–21(2)(b) did not prohibit a referendum of an ordinance enacting a new tax scheme. In the alternative, they requested that the court declare the statute unconstitutional under article VI, section 1(2) of the Utah Constitution, which allows public referenda of locally enacted ordinances. In addition, plaintiffs requested injunctive relief and an award of attorney fees and costs under sections 1983 and 1988 of title 42 of the United States Code on the grounds that their federal and state constitutional rights had been violated. *See* 42 U.S.C. §§ 1983, 1988.

Defendants responded with a motion for summary judgment. In support, they argued that plaintiffs' claims were time-barred under section 20–11–24(1), which requires referendum petitions to be filed within thirty days after enactment of the disputed ordinance. Utah Code Ann. § 20–11–24(1). The trial court agreed, holding that plaintiffs' failure to act within the thirty days mandated by statute precluded adjudication of the merits of their claims. Plaintiffs now appeal.

■ Because summary judgment resolves only questions of law, we review the trial court's conclusions for correctness. *Hill v. Seattle First Nat'l Bank*, 827 P.2d 241, 246 (Utah 1992); *Clover v. Snowbird Ski Resort*, 808 P.2d 1037 (Utah 1991); *Bonham v. Morgan*, 788 P.2d 497, 499 (Utah 1989) (per curiam). The dispositive issue before this court is whether the claims are time-barred by the Utah Constitution and statutes governing direct legislation. *See* Utah Const. art. VI, § 1(2); Utah Code Ann. §§ 20–11–1 to –25.

■ Before we reach this issue, some background is in order. Article VI, section 1(2) of the Utah Constitution deals with the rights of voters of any legal subdivision of the state to activate the machinery of initiative and referendum. As pertinent here, the provision allows voters to require referral of any ordinance enacted by a local lawmaking body to the voters for approval or rejection before the ordinance takes effect. Utah Const. art. VI, § 1(2). Although the constitution provides the general mechanism for initiative and referendum, it gives the legislature the power to determine precisely how such devices would work.[1] In exercising this power to

---

1. Article VI, section 1 of the Utah Constitution provides:

The Legislative power of the State shall be vested:

implement initiative and referendum, the legislature has enacted statutes that set limits on the subject matter of ordinances that can be referred, provide the procedure to be followed, and limit the time within which a request for referral may be made. *See* Utah Code Ann. §§ 20–11–1 to –25.

The current controversy arises from a dispute as to whether a tax ordinance may be referred. Section 20–11–21(2)(b) states that the "legal voters ... may not require any budget or tax levy adopted by the governing body ... to be submitted to the voters." *Id.* § 20–11–21(2)(b). Defendants posit that this statute precludes referral of an ordinance that will result in a tax levy. Plaintiffs respond that this reading of the statute is incorrect or, alternatively, that if the statute does preclude such referrals, it is unconstitutional. Resolution of this case does not require that we address this dispute. For the reasons stated below, we conclude that plaintiffs' claims are time-barred.

■■■ Section 20–11–24(1) explicitly states, "Referendum petitions against any ordinance ... shall be filed with the clerk or recorder within 30 days after the passage of the ordinance...." *Id.* § 20–11–24(1). We have emphasized previously the importance of strict compliance with the time limits contained in this provision, noting that failure to meet the thirty-day deadline is fatal to a referendum petition. *See Riverton Citizens for Constitutional Gov't v. Beckstead,* 631 P.2d 885, 887–88 (Utah 1981); *see also Allan v. Rasmussen,* 101

Utah 33, 41, 117 P.2d 287, 290 (1941). This requirement serves the salutary purpose of allowing the government and the public to rely on an ordinance as soon as the thirty-day period expires. *See Riverton Citizens,* 631 P.2d at 887–88; *Allan,* 101 Utah at 41, 117 P.2d at 290.

Despite the clarity of the statutory language and our prior case law, plaintiffs failed to file a petition within the thirty days following enactment of the ordinance. We note that plaintiffs do not challenge the constitutionality of this thirty-day limitation period. Rather, they center their argument on defendants' decision to deny the petition application on the basis of their belief that section 20–11–21(2)(b) prohibited referral of the ordinance.

We think that plaintiffs' failure to take any action to pursue the completion of, or to preserve their right to, the referendum petition process during the thirty-day period following enactment of the ordinance bars relief. Defendants' actions do not excuse plaintiffs' failure to comply with the statutory deadline. Although nothing in the statutes governing direct legislation explicitly provides a remedy for denial of an application, we note that plaintiffs could have brought a mandamus action seeking to compel defendants to issue copies of the referendum petition form. *See* Utah R.Civ.P. 65B(e). Such an action certainly would have tolled the running of the limitation period and might have allowed plaintiffs to obtain the referendum petition. At a minimum, it would have permitted a timely adjudication of their claims.

....
2. In the people of the State of Utah, as hereinafter stated:
The legal voters or such fractional part thereof, of the State of Utah as may be provided by law, *under such conditions and in such manner and within such time as may be provided by law,* may initiate any desired legislation and cause the same to be submitted to a vote of the people for approval or rejection, or may require any law passed by the Legislature (except those laws passed by a two-thirds vote of the members elected to each house of the Legislature) to be submitted to the voters of the State before such law shall take effect.

The legal voters or such fractional part thereof as may be provided by law, of any legal subdivision of the State, *under such conditions and in such manner and within such time as may be provided by law,* may initiate any desired legislation and cause the same to be submitted to a vote of the people of said legal subdivision for approval or rejection, or may require any law or ordinance passed by the law making body of said legal subdivision to be submitted to the voters thereof before such law or ordinance shall take effect.
Utah Const. art. VI, § 1 (emphasis added).

Moreover, plaintiffs could have produced, circulated, and filed their own referendum petitions within the relevant period of time. Statutes governing direct legislation detail the form the referendum petition should follow and provide that "if substantially followed, the petition shall be sufficient." Utah Code Ann. § 20–11–15; *see also id.* §§ 20–11–8, –10. We approved such a course of action when a city recorder failed to endorse copies of a referendum petition form printed by the referendum's sponsors. *See Palmer v. Broadbent,* 123 Utah 580, 260 P.2d 581 (1953). Even if defendants had refused to accept and process the petition at this juncture, plaintiffs could have obtained a writ of mandamus compelling defendants to do so. *See id.* at 587–88, 260 P.2d at 585; *Allan,* 101 Utah 33, 117 P.2d 287; Utah R.Civ.P. 65B(e). Such a remedy is explicitly provided in section 20–11–16(5)(a). *See* Utah Code Ann. § 20–11–16(5)(a).

Because we conclude that section 20–11–24(1) specifically requires that a referendum petition be filed within thirty days following the enactment of an ordinance, we hold that plaintiffs' failure to timely file a petition precludes adjudication of the merits of their claims against defendants. We have considered plaintiffs' other arguments and find them to be without merit. *See Muir v. W.H. Burt Explosives, Inc.,* 851 P.2d 645, 647 (Utah 1993); *State v. Carter,* 776 P.2d 886, 896 (Utah 1989). Therefore, we affirm the summary judgment in favor of defendants.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.