**Robert F. OWENS, Petitioner,**

v.

**Barbara HUNT, et al., Respondents.**

**No. 940438.**

Supreme Court of Utah.

Oct. 7, 1994.

---

Robert F. Owens, pro se.

Gary G. Kuhlmann, Jonathan L. Wright, St. George, for Hunt.

Jan Graham, Atty. Gen., Richard D. Wyss, Asst. Atty. Gen., Salt Lake City, for State.

HOWE, Justice:

Petitioner Robert F. Owens seeks an extraordinary writ directing the St. George City Recorder to place an initiative measure on the ballot for the general election to be held in this state on November 8, 1994.

Petitioner is the drafter and one of six sponsors of an initiative measure designed to limit growth in the city of St. George to three percent per year. Following the rejection of the initiative by the city council, the sponsors requested Barbara Hunt, the St. George City Recorder, to place the initiative on the ballot for the general election to be held on November 8, 1994. The Recorder refused to do so on the ground that the initiative can be voted upon only at municipal elections, which are held in Utah in odd-numbered years. The next municipal election will be held in November of 1995.

■ Petitioner's main contention is that for the citizens' initiative power, which is bestowed by the Utah Constitution, to be effective, an election forum must be made available each year rather than at two-year intervals. Reliance is placed on article VI, section 1 of the Constitution, which so far as is pertinent here provides:

The legal voters or such fractional part thereof as may be provided by law, of any

legal subdivision of the State, under such conditions and in such manner and within such time as may be provided by law, may initiate any desired legislation and cause the same to be submitted to a vote of the people of said legal subdivision for approval or rejection. . . .

Petitioner argues that Utah Code Ann. § 20A–7–501(3)(d)(ii), which provides for the submission of the initiative to the voters of a city at the next municipal general election, is unconstitutional in this case because it unreasonably delays for more than a year the opportunity of the voters to adopt or reject the initiative. He asserts that the right of citizens to initiate legislation by the initiative process is a co-equal right with the city council to enact legislation governing the city. Because the city council meets weekly, he maintains, the right of the citizens to exercise their initiative power should be made available at least annually or their constitutional right is weakened or defeated.

We find no merit in this contention. The Constitution has vested in the legislature the power to prescribe the conditions, the manner, and the time that any desired legislation may be submitted to a vote of the people for approval or rejection. Petitioner admits that he has been unable to find any legal authority to substantiate his contention, and our research has yielded none. It is axiomatic that laws enacted by the legislature are presumed to be constitutional and that the legislature is accorded wide latitude in complying with constitutional directives such as the one contained in article VI, section 1. It may well have been that the legislature decided that municipal elections were the appropriate time for submission of initiative proposals to the voters because it would permit the voters to concentrate on issues affecting the municipality, whereas in a general election, state, county, and district candidates are on the ballot as well as proposed state constitutional amendments and state-wide initiative proposals. Adding a municipal initiative to a crowded general election ballot may not have seemed wise. Furthermore, since municipal elections are conducted by city officials, including the counting of ballots and the canvassing of returns, it is reasonable that municipal initiatives should be voted upon at those elections rather than at general elections, which are conducted by county clerks. *See* §§ 20A–1–102(23)(c), 20A–4–301(2)(a). There is no discrimination in the decision of the legislature in selecting two-year intervals because state-wide and county-wide initiatives may likewise be placed on the ballot only in two-year intervals at general elections. *See* §§ 20A–7–208(2), 20A–7–501(3)(d)(i). In short, we find no unreasonable restraint on the rights of the electorate by the legislature in limiting the opportunity for city-wide initiatives to two-year intervals. *See Bigler v. Vernon*, 858 P.2d 1390 (Utah 1993).

Secondly, petitioner contends that when he and the other sponsors of the initiative measure commenced the initiative process by filing an application with the city recorder pursuant to section 20A–7–502 on April 6, 1994, the statute then in effect, section 20A–7–403, arguably permitted the submission of the initiative to voters at the next county-wide election, which would be on November 8, 1994. However, on May 2, 1994, section 20A–7–501(3)(d)(ii) took effect, repealing section 20A–7–403 and providing for submission of municipal initiatives only at municipal elections. Petitioner urges that the law in effect when the initiative process commenced should govern throughout the process, unaffected by any change in the law during the process. We, again, find no merit to this contention. While it is true that the initiative process was commenced prior to the May 2 amendment, no initiative petitions were returned to the Washington County Clerk or the St. George City Recorder for certification of signatures and processing or submitted to the St. George city council for adoption or rejection until after the statutory amendment became effective. Petitioner's entitlement or right to an initiative election did not accrue until the initiative petition containing a proper number of certified signatures was filed with the St. George City Recorder and was then rejected or not acted upon by the council within thirty days of its initial receipt. Only at that time did the right of petitioner and the sponsors accrue to have the initiative proposal submitted to the electorate. In this case, that date was Sep-

tember 1, 1994, well after the May 2 amendment to the governing statute had taken effect.

The writ is denied.

ZIMMERMAN, C.J., and DURHAM and RUSSON, JJ., concur.

STEWART, Associate C.J., does not participate herein.